1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI CHOI (WVSBN 0722)
3  Acting Chief, Criminal Division

4  EDWARD TORPOCO (CSBN 200653)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-7071
7     FAX: (415) 436-7234

8  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.: CR 05-00400 SI |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL CALCULATION |
| v. | ) | |
| ANDRE BENARD, | ) | |
| Defendant. | ) | |

With the agreement of the parties, the Court enters this Order excluding the time period from December 1, 2005, through January 13, 2005 under the Speedy Trial Act, 18 U.S.C. § 3161. The parties agree, and the Court finds and holds, as follows:

1. The parties appeared before the Court on December 1, 2005, for a status hearing. The Defendant is in custody serving a pre-existing state sentence of imprisonment. The parties are awaiting the results of DNA testing on the firearm at issue in this federal case. According to the San Francisco Police Department Crime Lab, the DNA analysis should be completed by the end of the month of December. At the request of the parties, the Court set a further status hearing in this case for January 13, 2005, at 11:00 a.m., and excluded the intervening time period from the Speedy Trial Act calculation. This filing memorializes that exclusion of time.

\\

STIPULATION AND ORDER
CR 05-00400 SI

2. Because the Defendant wishes to know the outcome of the DNA testing before proceeding further in this matter, as well as an opportunity to consult with an expert on the results of said testing, the parties jointly request that the Court exclude the time period from December 1, 2005 through January 13, 2005 under the Speedy Trial Act.  In light of the foregoing facts, the parties stipulate that the failure to grant the requested continuance would unreasonably deny the Defendant effective preparation of counsel taking into account the exercise of due diligence, that the ends of justice would be served by the Court excluding the proposed time period, and that these ends outweigh the best interest of the public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A), (B)(iv).

SO STIPULATED.

DATED:__December 1, 2005_____     __/S/ MARK GOLDROSEN_____
                                        MARK GOLDROSEN
                                        Attorney for Defendant Andre Benard


DATED:_December 1, 2005_____     ___/S/ EDWARD TORPOCO_____
                                        EDWARD TORPOCO
                                        Assistant United States Attorney

In light of the foregoing facts, and with the consent of the parties, the Court hereby orders that the period from December 1, 2005 through January 13, 2005 be excluded from the Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(8)(A), (B)(iv).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____           _____
                                        HON. SUSAN ILLSTON
                                        United States District Judge

[GRANTED — Judge Susan Illston]

STIPULATION AND ORDER
CR 05-00400 SI                              2