```
 1  KEVIN V. RYAN (CSBN 118321)
    United States Attorney
 2
    EUMI CHOI (WVSBN 0722)
 3  Chief, Criminal Division

 4  EDWARD TORPOCO (CSBN 200653)
    Assistant United States Attorney
 5
        450 Golden Gate Avenue, Box 36055
 6      San Francisco, California 94102-3495
        Telephone: (415) 436-7071
 7      FAX: (415) 436-7234

 8  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.: CR 05-00400 SI |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] |
|  | ) | ORDER EXCLUDING TIME |
| v. | ) | FROM SPEEDY TRIAL CALCULATION |
|  | ) |  |
| ANDRE BENARD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

With the agreement of the parties, the Court enters this Order excluding the time period from February 24, 2006 through March 10, 2006 under the Speedy Trial Act, 18 U.S.C. § 3161. The parties agree, and the Court finds and holds, as follows:

1. The Defendant is in custody serving a pre-existing state sentence of imprisonment. The parties appeared before the Court on February 24, 2006 for a status hearing and reported that they were engaged in plea negotiations. The parties requested March 10, 2006 as a possible change of plea date.

2. At the status hearing, the parties also reported that, two days prior to the status hearing, the Ninth Circuit issued an opinion, United States v. Morales-Perez, No. 05-10115 (9th Cir. Feb. 22, 2006), which will have a direct bearing on the Sentencing Guidelines calculation in this case. At issue is whether the Defendant's prior narcotics conviction qualifies as a

STIPULATION AND ORDER
CR 05-00400 SI

1  "controlled substance offense" within the meaning of U.S.S.G. § 2K2.1.  In light of this
2  precedent, the parties requested time to obtain and review the record of conviction for the
3  Defendant's prior narcotics offense.   At the parties' request, the Court excluded the time period
4  through March 10, 2006 from the Speedy Trial Act calculation based on the need to obtain this
5  additional discovery.  This filing memorializes that exclusion of time.
6        3.  In light of the foregoing facts, the parties stipulate that the failure to grant the
7  requested exclusion would unreasonably deny the Defendant effective preparation of counsel
8  taking into account the exercise of due diligence, that the ends of justice would be served by the
9  Court excluding the proposed time period, and that these ends outweigh the best interest of the
10 public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A), (B)(iv).
11       SO STIPULATED.

13 DATED:__March 2, 2006_____        ____/S/ MARK GOLDROSEN_____
                                       MARK GOLDROSEN
14                                     Attorney for Defendant Andre Benard

16 DATED:___March 2, 2006_____        _/S/ EDWARD TORPOCO_____
                                       EDWARD TORPOCO
17                                     Assistant United States Attorney

18       In light of the foregoing facts, and with the consent of the parties, the Court hereby orders
19 that the period from February 24, 2006 through March 10, 2006 be excluded from the Speedy
20 Trial Act calculation under 18 U.S.C. § 3161(h)(8)(A), (B)(iv).
21       PURSUANT TO STIPULATION, IT IS SO ORDERED.

23 DATED:_____           _____
                                      HON. SUSAN ILLSTON
24                                    United States District Judge

28 STIPULATION AND ORDER
   CR 05-00400 SI                         2