JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KATHRYN R. HAUN (DCBN 484131)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6740
    Kathryn.Haun@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> ANDRE BENARD, ) <br> ) <br>     Defendant. ) <br> _____ ) | No. CR 05-0400-SI <br><br> ~~PROPOSED~~ ORDER OF DETENTION OF ANDRE BENARD |

    The defendant came before this Court on December 22, 2009 for a detention hearing. Assistant United States Attorney Kathryn R. Haun represented the United States. The defendant was present and represented by Mark Goldrosen, Esquire.

    The United States requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community.

    Upon consideration of the proffers of the parties, and the court file, including its recitation of the defendant's record, the Court finds that a showing has not been made by clear and convincing evidence that there exists a condition or combination of conditions that will

CR 05-0400-SI
~~Proposed~~ Detention Order

reasonably assure the safety of the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion:

First, the defendant has a lengthy criminal record. This includes but is not limited to three felonies, and multiple crimes while on parole, as well as burglary of an inhabited dwelling.

Second, the defendant has demonstrated difficulty while on supervised release.

Third, the telephone calls the defendant is alleged to have taken part in with inmates in current federal prisons serve as another indication that there is nothing the Court can do to assure the defendant complies with conditions it sets.

Fourth, a condition the defendant is alleged to have violated clearly states that contacts with known gang members are presumed to be in furtherance of criminal activity.

These factors, among others adduced at the hearing, support the Court's conclusion that the defendant has not demonstrated that there exists a condition or combination of conditions that would reasonably assure the safety of the community.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in

CR 05-0400-SI
~~Proposed~~ Detention Order

1. a corrections facility;
2. (2) the defendant be afforded reasonable opportunity for private consultation with his
3. counsel; and
4. (3) on order of a court of the United States or on request of an attorney for the
5. government, the person in charge of the corrections facility in which the defendant is
6. confined shall deliver the defendant to an authorized Deputy United States Marshal for
7. the purpose of any appearance in connection with a court proceeding.
8. This order is made without prejudice to the defendant's making a further showing regarding
9. detention in the future, should new information become available.
10. Dated: 12/23/09



The Honorable Joseph C. Spero
United States Magistrate Court Judge

CR 05-0400-SI
~~Proposed~~ Detention Order